**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| **CAPSULE COLLECTIVE, LLC,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } |
| | } |
| | } |
| **TILT LACROSSE, LLC,** | } |
| | } |
| Defendant. | } |

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT

1.     Plaintiff, Capsule Collective, LLC, ("Plaintiff"), for its Complaint against Defendant, Tilt Lacrosse, LLC, ("Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

2.     This action arises out of Defendant's knowing and willful infringement of Plaintiff's trademarks, including the word mark TILT and various stylized marks, that Plaintiff has used throughout the United States prior to the first use in commerce by Defendant.  See, e.g., Exhibit 1.  Plaintiff has used its TILT trademark and its several stylized marks and designs in association with numerous and varied goods, including clothing; t-shirts; hats; push scooters and structural parts for scooters; scooter grip tape; scooter grips; and scooter pegs.

3.     Plaintiff seeks injunctive relief and damages based on trade dress infringement,

trademark infringement, false designation of origin, passing off, violation of Mass. Gen. Laws, Chapter 93A, and unfair competition in violation of the Lanham Act 15 U.S.C. 1051 *et. seq.*

4.      Defendant markets shirts and hats under the confusingly similar "TILT" mark and certain stylized marks targeting the same customers as does Plaintiff and in the same marketing channels.

5.      As shown in the examples of Exhibit 2, Defendant has adopted not only the word mark TILT but also multiple stylized versions of the TILT mark and other protected trade dress of Plaintiff.

6.      Defendant's conduct is likely to cause confusion and/or has caused confusion in the trade and among consumers resulting in irreparable harm unless Defendant's conduct is enjoined.

7.      Defendant was issued U.S. Trademark Registration No. 4,818,851 for the trademark for "TILT" ("the '851 registration) as used in relation to t-shirts, baseball caps and hats, socks, tank-tops.  However, Defendant's first use of the mark was well after Plaintiff's first use of the TILT mark.

8.      Plaintiff seeks injunctive relief and damages, a declaratory judgment that Defendant's mark is invalid, cancellation of the '851 registration, and an order preventing Defendant from opposing or seeking cancellation of any of Plaintiff's pending or subsequently filed trademark applications including the term TILT; and an order for the transfer of Defendant's domain name tiltclothingco.com and all social media sites using the TILT mark.

## THE PARTIES

9.      Plaintiff, CAPSULE COLLECTIVE, LLC, is a Michigan limited liability

company with its registered agent of Mr. Collin Snoek, 570 Grandville Avenue SW, Grand Rapids, Michigan, 49503.

10.     Upon information and belief, Defendant, TILT LACROSSE, LLC, is a Massachusetts Company, with its resident agent of Mr. Jacob Hubert, 3 Avalon Drive, Unit 3208, Quincy, Massachusetts, 02169.

## JURISDICTION AND VENUE

11.     Jurisdiction is conferred on the Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338, and the Court has supplemental jurisdiction over Plaintiff's state law claims, if any, under 28 U.S.C. § 1367(a) because these claims are substantially related to Plaintiff's federal claims.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12.     Venue is proper in this district under 28 U.S.C. § 1391.

13.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant carries on a continuous and systematic part of its business in this district and because Defendant is headquartered in this district.

## BACKGROUND

### A.  PLAINTIFF AND PLAINTIFF'S TILT BRAND TRADEMARK

14.     Plaintiff manufactures and sells clothing, including shirts and hats; push scooters; and scooter parts and accessories, including scooter grip tape, scooter grips, and scooter pegs through Plaintiff's online retail and wholesale store services.

15.     Plaintiff is a limited liability company legally organized under the laws of

3

Michigan.

16.     Plaintiff has been using the mark "TILT" in plain text and in various stylized forms (hereinafter sometimes referred to as "the Marks") for years throughout the United States, in Canada, and elsewhere.

17.     Plaintiff has been continuously using the mark "TILT" in plain text and in various stylized forms on its goods since at least as early as 2009 and in relation to clothing at least as early as early 2010.  See, e.g., Exhibit 1.

18.     Plaintiff has engaged in direct sales, on-line retail and wholesale store sales and services, and communications through Plaintiff's website and otherwise since at least as early as 2009 under the TILT mark and stylized versions thereof.  Without limiting the foregoing, Exhibit 3 provides illustrative examples of sales and other trademark and trade dress uses by Plaintiff throughout the United States.  Numerous additional retailers have purchased Plaintiff's goods and obtained Plaintiff's services, each carrying and/or having purchasing access to Plaintiff's shirts, hats, and clothing.

19.     Plaintiff and consumers rely on Plaintiff's TILT mark and stylized versions of the TILT mark to identify Plaintiff as the source of the goods and services and the quality associated with the same.  Plaintiff uses the Marks to target its consumers and for branding, sales, and marketing.

20.     Plaintiff began commercial use of the TILT mark and stylized forms of the term TILT well prior to Defendant's first commercial use of TILT or any stylized forms thereof.

21.     Plaintiff's prior use of the Marks evidences Plaintiff's ownership and exclusive right to use the Marks on its products and services and to prevent confusingly similar uses by others.

22.     Because of Plaintiff's continuous use of the mark TILT, Capsule Collective, LLC and its products are routinely associated by consumers, wholesalers, distributors, and other purchasers with the word "Tilt."

23.     As a result of long use and advertising, Plaintiff's mark TILT has achieved consumer recognition in the marketplace.

24.     Plaintiff's TILT clothing, scooters, and other products were an immediate hit, and distribution quickly spread across the United States and to Canada.  International distribution of Plaintiff's goods under the TILT mark throughout France, Denmark, the United Kingdom, and Australia were already in place by 2012.


B. **DEFENDANT'S USE OF PLAINTIFF'S TILT BRAND MARK AND TRADE DRESS**

25.     Upon information and belief, Defendant is a company organized under the laws of Massachusetts.

26.     According to U.S. Registration No. 4,818,851, Defendant did not begin using the term TILT until February 18, 2014 and did not use the term TILT in commerce until March 26, 2014.

27.     Upon information and belief, Defendant sells shirts and hats through the domain name tiltclothingco.com and other social media sites.

28.     Defendant adopted not only the word mark TILT but also stylized versions of the TILT mark and other protected trade dress of Plaintiff.

29.     As shown in Exhibit 2, for example, like Plaintiff's stylized rendering of TILT, Defendant opted to render TILT in a similar block format with a strikingly similar red hue background.  Exhibit 2, p. 2.

30.     As Plaintiff made extensive use of the hashtag #tiltlife on social media platforms, Defendant then began to use the hashtag #tiltlife on social media platforms.  Exhibit 2, p. 2.

31.     Plaintiff made use of a black and white variation of Plaintiff's TILT mark and logo on social media platforms, and Defendant then began to use a black and white variation of TILT and the logo thereof on social media platforms.  Exhibit 2, p. 2, 3.

32.     Plaintiff made use of the web font "Oswald" on its company website, and Defendant began using the web font "Oswald on its company website.  Exhibit 2, p. 3.

33.     Plaintiff made use of a script logo stylization of its TILT mark on clothing, specifically hats and shirts, and Defendant began using a script logo stylization of TILT on clothing, namely hats and shirts.  Exhibit 2, p. 5.

34.     Plaintiff applied its block logo stylization of its TILT mark to clothing, and Defendant began using its block logo stylization of TILT to clothing.  Exhibit 2, p. 6.

35.     Plaintiff applied red size label tags inside its clothing with the mark TILT in stylized form, and Defendant began applying red size label tags inside its clothing with TILT in stylized form.  Exhibit 2, p. 7.

36.     As between the parties, Plaintiff Capsule Collective LLC is the nationwide senior user of the TILT mark, of several stylized versions of the TILT mark, and of various distinctive, non-functional, and trade dress elements as applied to clothing, scooters, scooter components, and on-line retail and wholesale store services.

37.     Defendant's use of the term TILT, of stylized versions of TILT, and of several non-functional and distinctive elements as alleged herein and as will otherwise be shown at trial in relation to identical and related goods as Plaintiff's are likely to cause confusion and mistake, to capitalize on the goodwill associated with Plaintiff's trademark, trade dress, and other rights,

to dilute Plaintiff's rights, and otherwise to harm Plaintiff and the consuming public.

## C.  PLAINTIFF'S NOTICE TO DEFENDANT

38.     On or about 22 May 2017, counsel for Plaintiff sent a letter to Defendant advising Defendant of Plaintiff's trademark rights.

39.     Unless restrained, Defendant will cause further confusion and harm and will further impair the value of Plaintiff's marks and Plaintiff's business.

## COUNT I

## COMMON LAW TRADEMARK INFRINGEMENT

40.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-39 of the Complaint as though fully set forth herein.

41.     Plaintiff is the exclusive owner of the trademark TILT and various stylized versions of the TILT mark based on years of use in commerce.

42.     Plaintiff's trademark TILT and various stylized versions of the TILT mark are valid and protectable.

43.     Plaintiff's trademark TILT is inherently distinctive in relation to Plaintiff's goods.

44.     Defendant began using the term TILT as a trademark long after Plaintiff's first use thereof.

45.     Defendant's use of the mark TILT and stylized versions thereof in connection with the offering and distribution of clothing has likely caused actual confusion and, unless enjoined, is likely to continue to cause confusion or to cause mistake or to deceive and constitutes trademark infringement at common law.

46.     Upon information and belief, Defendant has profited and will continue to profit from the actions described above unless enjoined.

47.     As a direct and proximate result of Defendant's actions described above, Plaintiff and its business have been and will continue to be damaged unless Defendant's conduct is enjoined.

48.     Defendant's actions described above have caused and will continue to cause irreparable harm to Plaintiff's goodwill and reputation and a diversion of sales from Plaintiff to Defendant unless permanently enjoined.

49.     An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff has no adequate remedy at law.  The injury to Plaintiff is, and continues to be, ongoing and irreparable.

50.     Plaintiff is entitled to injunctive relief against Defendant and to Defendant's profits and Plaintiff's damages.


## COUNT II

### FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION
### UNDER LANHAM ACT § 43(a), 15 U.S.C. § 1125(a)

51.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-50 of the Complaint as though fully set forth herein.

52.     Because of Defendant's actions that operate to associate their goods and services with the goodwill and reputation of Plaintiff and Plaintiff's trademarks and trade dress, consumers are falsely led to believe that Defendant's goods are associated with Plaintiff or that Plaintiff has endorsed, sponsored, or otherwise approved of the same in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Defendant's actions as complained of herein constitute unfair competition, false designation of origin, and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Defendant has acted intentionally to cause confusion between Defendant and Plaintiff.

55.     An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff has no adequate remedy at law.  The injury to Plaintiff is, and continues to be, ongoing and irreparable.

56.     Plaintiff is entitled to injunctive relief against Defendant pursuant to Lanham Act § 34, 15 U.S.C. § 1116.   Plaintiff is further entitled to Defendant's profits and Plaintiff's damages, trebled, and to reasonable attorneys' fees and costs, pursuant to Lanham Act § 35, 15 U.S.C. § 1117.

**COUNT III**

**TRADE DRESS INFRINGEMENT**

57.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-56 of the Complaint as though fully set forth herein.

58.     Plaintiff has valid and protectable trade dress in the distinctive and non-functional design elements of, for example, paragraphs 26 to 37 hereinabove, and those elements alone and in combination are operative to identify Plaintiff as the source of its goods and services.

59.     Plaintiff's trade dress has additionally developed secondary meaning associated with Plaintiff and Plaintiff's goods and services through longstanding use and advertisement by

Plaintiff.

60.     Defendant's unauthorized copying of Plaintiff's trade dress elements, individually and collectively, has likely caused confusion and, unless enjoined, is likely to cause further confusion or to cause mistake or to deceive and constitutes trade dress infringement under the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

61.     Because of Defendant's actions that operate to associate their goods and services with the goodwill and reputation of Plaintiff and Plaintiff's trademarks and trade dress, consumers are falsely led to believe that Defendant's goods are associated with Plaintiff or that Plaintiff has endorsed, sponsored, or otherwise approved of the same in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff has no adequate remedy at law.  The injury to Plaintiff is, and continues to be, ongoing and irreparable.

63.     Plaintiff is entitled to injunctive relief against Defendant pursuant to Lanham Act § 34, 15 U.S.C. § 1116.  Plaintiff is further entitled to Defendant's profits and Plaintiff's damages, trebled, and to reasonable attorneys' fees and costs, pursuant to Lanham Act § 35, 15 U.S.C. § 1117.

## COUNT IV

## CANCELLATION OF DEFENDANT'S TRADEMARK REGISTRATION

64.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-63 of the Complaint as though fully set forth herein.

65.     U.S. Trademark Registration No. 4,818,851 for the trademark for "TILT" as used

in relation to t-shirts, baseball caps and hats, socks, tank-tops issued to Defendant on September 22, 2015.

66.     The '851 registration alleges first use of the "TILT" trademark on February 18, 2014 and first use of the mark in Commerce on March 26, 2014.

67.     For years prior to Defendant's first use of the "TILT" trademark, Plaintiff had been using its trademark "TILT" on some or all of the identical goods of the '851 registration while marketing the same to the same or similarly situated consumers using the same or similar trade channels.

68.     The "TILT" trademark of the '851 registration consists of or comprises a mark that so resembles Plaintiff's "TILT" trademark, which was previously used in the United States and not abandoned, as to be likely, when used on or in connection with Defendant's goods, to cause confusion, or to cause mistake, or to deceive.

69.     Defendant's "TILT" trademark is thus not entitled to registration pursuant to Lanham Act § 2(d), 15 U.S.C. § 1052(d).

70.     U.S. Trademark Registration No. 4,818,851 should thus be cancelled pursuant to the Court's authority under 15 U.S.C. § 1064 and §1119.


## COUNT V

## VIOLATION OF MASS. GEN. LAWS, c. 93A

71.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-70 of the Complaint as though fully set forth herein.

72.     Defendants are engaged in the conduct of trade or commerce within the meaning of Chapter 93A of the Massachusetts General Laws.

73.     Defendant's actions as complained of herein occurred primarily and substantially within the Commonwealth of Massachusetts.

74.     Defendant's actions constitute unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Mass. Gen. Laws c. 93A.

75.     The injury to Plaintiff is, and continues to be, ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff has no adequate remedy at law.

76.     Plaintiff is entitled to injunctive relief and Plaintiff's damages, trebled, pursuant to Mass. Gen. Laws c. 93A.


## COUNT VI

## COMMON LAW UNFAIR COMPETITION

77.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-76 of the Complaint as though fully set forth herein.

78.     Because of Defendant's actions that operate to associate their goods and services with the goodwill and reputation of Plaintiff and Plaintiff's trademarks and trade dress, consumers are falsely led to believe that Defendant's goods are associated with Plaintiff or that Plaintiff has endorsed, sponsored, or otherwise approved of the same.

79.     Defendant's actions as complained of herein constitute unfair competition under the common law of the Commonwealth of Masschusetts.

80.     An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff has no adequate remedy at law.  The injury to Plaintiff is, and continues to be, ongoing and irreparable.

81.     Plaintiff is entitled to injunctive relief and Plaintiff's damages at common law.


## DEMAND FOR JURY TRIAL

Plaintiff most respectfully demands a trial by jury on all issues so triable.


## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff claims damages and prays that the Court enter judgment:

**A.**      In favor of Plaintiff and against Defendant on all of Plaintiff's claims.

**B.**      Preliminarily and permanently enjoining and restraining Defendant, its officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active participation with them from:

1.  Infringing Plaintiff's TILT trademark and any confusingly similar stylization or variation thereof;

2.  Infringing Plaintiff's distinctive and non-functional trade dress;

3.  Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or to dilute the quality of Plaintiff's marks or trade dress;

4.  Engaging in any course of conduct likely to enable Defendant to benefit from the goodwill and reputation Plaintiff has established;

5.  Engaging in any course of conduct likely to mislead the public into believing Defendant's goods are the same or equivalent to Plaintiff's goods;

6.  Engaging in any course of conduct likely to mislead the public into believing Defendant's goods are related to, connected with, affiliated with or somehow

associated with or endorsed by Plaintiff;

**C.**     Ordering Defendant to destroy or otherwise dispose of:

1. Any goods or merchandise that pictures, reproduces, copies, adapts, or displays any or Plaintiff's marks or trade dress or confusingly similar variations thereof;

2. Any molds, screens, patterns, plates, negatives or other materials used  specifically for making or manufacturing products that display facsimiles of any or Plaintiff's marks or trade dress or confusingly similar variations thereof;

3. Any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents concerning the manufacture, purchase, advertising, sale, or offering for sale of infringing goods.

**D.**     Ordering that Defendant effectuate the recall, remove, and return from commercial distribution and/or public display of:

1. Any goods, merchandise, vehicles, or equipment that pictures, reproduces, copies, adapts, or displays any or Plaintiff's marks or trade dress or confusingly similar variations thereof;

2. Any promotional and advertising materials, including web pages, printed and digitalized materials, labels, packages, wrappers, advertisements, letterhead, signage, containers, and all other materials or items that reproduce, copy, adapt, or display any or Plaintiff's marks or trade dress or confusingly similar variations thereof;

3. Any molds, screens, patterns, plates, or negatives or other materials used specifically for making or manufacturing products that display any or Plaintiff's marks or trade dress or confusingly similar variations thereof.

**E.**     That Defendant be required to account for and pay over to Plaintiff Defendant's profits and all damages sustained by Plaintiff and that Plaintiff be awarded money damages, trebled, reasonable attorneys' fees, costs, expenses, and interest pursuant to, for example, 15 U.S.C. § 1117(a).

**F.**     That the Court Order that Defendant's '851 registration be cancelled by the United States Patent and Trademark Office.

**G.**     That Defendant make a full report to this Court of its compliance with the foregoing within twenty-one (21) days of the judgment herein.

**H.**     That Plaintiff has such other and further relief as this Court may deem just and proper.


**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

*Verification*

By and through Collin Snoek, Capsule Collective, LLC, Plaintiff in the above-captioned action, does hereby depose and state under oath that he has read this Complaint and he does hereby certify that each and every allegation contained herein is true and accurate and based upon his own personal knowledge, information and belief.   To the extent this verification is based upon information and belief, he believes the information to be true and accurate.

Signed and sealed under the pains and penalties of perjury.

Capsule Collective, LLC

By: _____

Name:  Collin Snoek

Title:  OWNER _____

Dated:  August 8, 2017

Respectfully submitted,

Plaintiff, by its Attorneys,


/s/ Thomas P. O'Connell
Thomas P. O'Connell
BBO # 567,644
O'Connell Law Office
1026A Massachusetts Avenue
Arlington, MA 02476
Telephone: 781.643.1845
Facsimile: 781.643.1846
tpo@oconnellusa.com


Robert J. Sayfie (P45267)
*Pending Admission Pro Hac Vice*
ROBERT J. SAYFIE, P.C.
161 Ottawa Ave. N.W., Ste. 404
Grand Rapids, MI 49503
Telephone:  616.774.9244
rjsayfie@sbcglobal.net